JAMES W. SWAYNE v. UNION MUTUAL LIFE INSURANCE COMPANY.

No. 778.   Decided April 10, 1899.

### 1.  Attorney—Employment—Question of Fact.

The fact that an attorney rendered legal services for another with his knowledge and consent in conducting a suit in court did not make the latter liable as matter of law for his services, though rendered under the belief that his employment proceeded from the party to the suit, when such party had not authorized his employment and supposed that he was looking for his fee to the person employing him, who had an interest in the success of the litigation.

### 2.  Same.

Whether under all the circumstances attending the employment and services of such attorney the conclusion that he was employed by the party to the suit was warranted or not, was a question of fact which the Supreme Court had no jurisdiction to decide.

QUESTIONS CERTIFIED from the Court of Civil Appeals for the Second District, in an appeal from Tarrant County.

*Hogg & Robertson,* for appellant.

*Q. T. Moreland,* for appellant in Court of Civil Appeals.

No briefs for appellee.

DENMAN, ASSOCIATE JUSTICE.—In this cause the Court of Civil Appeals have certified to us the following explanatory statement and questions:

"This suit was brought in the County Court by the appellant against the appellee, a nonresident corporation, to recover $500, the value of services rendered by him as an attorney at law under the circumstances shown below.  A jury being waived, judgment was rendered for appellee, and the case brought here upon errors in due form assigned to the judgment as being contrary to the evidence, etc., there being no conclusions of law or fact in the record.  The judgment was affirmed by a majority of this court on February 11, 1899, the Chief Justice dissenting, and a motion for rehearing is now pending, with a request that the question in the case be certified to your honors for decision, and we therefore deem it advisable to do so.

"Recovery was sought in the petition for the value of services rendered as an attorney at law in the foreclosure of a mortgage with power of sale on valuable real estate in the city of Fort Worth, given to secure a debt of $9800, with interest and attorney's fees, upon the ground that appellee had employed appellant to render the services and had accepted the services so rendered, the value of which was not disputed on the trial.  No other ground of recovery was alleged.

"The evidence warranted the following conclusions:

"1.  The services, of the value alleged, were rendered at the instance of one Imboden, who was interested in having the mortgage foreclosed,

in order that a sale of the mortgaged property which he had negotiated to one Crowl might be consummated, Crowl having agreed to pay him $250 to bring about such sale.

"2. Felix H. Robertson was trustee in the mortgage, and was also the attorney, both at law and in fact, for appellee in the collection of the note secured by the mortgage, which note, besides the principal of $9800, with interest, provided for the usual attorney's fees, and he had agreed also to pay Imboden something for effecting the sale to Crowl, which was afterwards paid by draft on appellee for $400 drawn by Robertson.

"3. The foreclosure by the trustee as provided in the mortgage becoming obstructed by a receivership proceeding, which also obstructed the sale negotiated by Imboden, it was mutually agreed between Robertson and Imboden that Robertson's law firm would prepare the necessary papers to intervene for foreclosure purposes in the receivership suit, and that Imboden, "as his part of that work, should employ such counsel as would be necessary to put through" the intervention, Imboden to pay the lawyer selected by him.

"4. The papers were accordingly prepared by Robertson's firm at Waco, Texas, and sent to Imboden at Fort Worth, where the receivership suit was pending, whereupon Imboden employed appellant as an attorney in the case, and Robertson's firm and appellant together prosecuted the suit to a successful issue, Robertson appearing in person at the time the formal order was entered, appellant understanding that Crowl was to pay both the debt and the attorney's fee, and supposing that Robertson's firm would divide the fee with him, while Robertson supposed that appellant was looking to Imboden for his fee until after he had settled with Imboden by giving him the draft for $400, which covered services rendered by Imboden in the negotiation of the sale to Crowl.

"5. In employing appellant, Imboden represented himself, according to appellant's testimony, Imboden not testifying, as the agent of appellee, though he was not such agent except to negotiate the sale of the property, unless the above facts made him so.

"Under the issue so tendered by the petition, and upon the foregoing conclusions of fact, as well as upon the entire evidence, all of which is set out in the dissenting opinion, now published in 49 Southwestern Reporter, 519, we respectfully certify to your honors for decision, whether or not the judgment of the County Court was erroneous in holding, in effect, that the facts proven and above outlined fail to show, (1) that appellee had employed appellant, either expressly or impliedly, or (2) had accepted his services under circumstances rendering it liable, though the employment by Imboden was unauthorized,—that the issue of estoppel involving the effect of apparent or imported authority, or undisclosed restrictions on authority, not being made by the pleadings."

The suit being as stated in the certificate to recover for legal services rendered on "the ground that appellee had employed appellant," and

there being no dispute as to the facts of rendition of the services and their value, the trial court in rendering judgment against appellant and the majority of the Court of Civil Appeals in affirming same must have refused to find from the evidence such alleged fact of employment. In the dissenting opinion, the Chief Justice of the Court of Civil Appeals from the facts and circumstances in evidence reached a different conclusion.

It clearly appears to us that it can not be held that the evidence establishes such employment as a matter of law; in other words, if the trial had been before a jury the court could not have instructed them that such employment had been established, and we so answer the first question certified. We have no jurisdiction to go further and express an opinion as to whether the majority or dissenting opinion drew the proper deduction in reference thereto from the evidence. This is a question of fact upon which the finding of the trial court, undisturbed by the majority of the Court of Civil Appeals, is final.

The same remarks are applicable to the second question certified. If in fact appellee did not employ appellant and Imboden had no authority to do so in its behalf, but employed him for the purpose of forwarding the interests of himself and Crowl, appellant understanding that Crowl was to pay his fee, the mere fact that appellee permitted him to represent it in the suit in conjunction with its own counsel would not render it liable as a matter of law.